*E-FILED - 4/29/08*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| TIMOTHY WAYNE SMITH, | ) | No. C 08-0007 RMW (PR) |
| Petitioner, | ) ) | ORDER GRANTING PETITIONER'S MOTION TO PROCEED IN FORMA PAUPERIS; DENYING MOTION FOR APPOINTMENT OF COUNSEL; ORDER TO SHOW CAUSE |
| vs. | ) ) ) ) | |
| JAMES YATES, Warden, | ) ) | |
| Respondent. | ) ) | (Docket Nos. 2, 4) |

Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner also has filed a motion to proceed in forma pauperis and a motion for appointment of counsel.  The court finds that petitioner has shown good cause to proceed in forma pauperis and GRANTS petitioner's motion (docket no. 2).  The court DENIES petitioner's motion for appointment of counsel (docket no. 4) without prejudice.  The court orders respondent to show cause why a writ of habeas corpus should not be granted.

**BACKGROUND**

According to the petition, a Santa Clara Superior Court jury convicted petitioner of robbery, burglary, and dissuading a witness.  On June 23, 2006, Petitioner was sentenced

1  to a term of eighty years-to-life in state prison.  On direct appeal, the state appellate court
2  affirmed the judgment on September 4, 2007.  The state supreme court denied a petition
3  for review on November 14, 2007.  Petitioner filed a habeas petition in the California
4  Court of Appeal, which was denied on September 4, 2007.  The instant federal petition
5  was filed on January 2, 2008.

## DISCUSSION

### A.    Motion for Appointment of Counsel

Petitioner has filed a motion for appointment of counsel.  Petitioner requests that the court appoint counsel because he is indigent, he is a layperson at law and the issues presented in the petition are meritorious.  Petitioner contends that an evidentiary hearing is necessary because the state court did not conduct a hearing.  Pet.'s Mot. at 1.

However, the Sixth Amendment's right to counsel does not apply in habeas corpus actions.  Knaubert v. Goldsmith, 791 F.2d 722, 728 (9th Cir. 1986).  While 18 U.S.C. § 3006A(a)(2)(B) authorizes a district court to appoint counsel to represent a habeas petitioner if "the court determines that the interests of justice so require," the courts have made appointment of counsel the exception rather than the rule.  Appointment is mandatory only when the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations.  See Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986); Eskridge v. Rhay, 345 F.2d 778, 782 (9th Cir. 1965).

The court concludes that the interest of justice do not require appointment of counsel at this time.  Petitioner has aptly presented his claims and the court will order respondent to show cause why the petition should not be granted as set forth below.  The court finds that an evidentiary hearing is not necessary at this stage of the proceedings. Accordingly, petitioner's motion for appointment of counsel (docket no. 4) is DENIED without prejudice.

///

///

**B.     The Merits**

    **1.     Standard of Review**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

    **2.     Petitioner's Claims**

As grounds for federal habeas relief petitioner asserts that: (1) he was denied due process under the Fifth and Fourteenth Amendments because a government witness testified that he was homeless; (2) he was denied due process under the Fifth and Fourteenth Amendments because he was subjected to a suggestive identification procedure; (3) ineffective assistance of counsel under the Sixth and Fourteenth Amendments due to trial counsel's failure to introduce exculpatory evidence on the issue of identification; (4) ineffective assistance of counsel under the Sixth and Fourteenth Amendments due to trial counsel's failure to request an admonition that the stricken testimony of Officer Kirby was not to be considered as evidence of petitioner's motive to steal; (5) ineffective assistance of counsel under the Sixth and Fourteenth Amendments due to trial counsel's failure to seek exclusion of Mr. Gonzalez's in-court identification of petitioner at trial; and (6) denial of due process under the Fifth and Fourteenth Amendments due to the cumulative prejudice flowing from the errors raised on direct appeal and habeas corpus. Liberally construed, petitioner's allegations are sufficient to require a response. The court orders respondent to show cause why the petition should not be granted.

///

Order Granting Petitioner's Motion to Proceed in Forma Pauperis; Denying Motion for Appointment of Counsel; Order to Show Cause
P:\pro-se\sj.rmw\hc.08\Smith007oscmisc

3

**CONCLUSION**

1. Petitioner's motion to proceed in forma pauperis (docket no. 2) is GRANTED.

2. Petitioner's motion for appointment of counsel (docket no. 4) is DENIED without prejudice.

3. The clerk shall serve by mail a copy of this order and the petition (docket no. 1) and all attachments thereto upon the respondent and the respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on the petitioner.

4. Respondent shall file with the court and serve on petitioner, within **sixty days** of the date of receipt of this order and the petition, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the underlying state criminal record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within **thirty days** of his receipt of the answer.

5. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases within **sixty days** of the date of receipt of this order. If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within **thirty days** of receipt of the motion, and respondent shall file with the court and serve on petitioner a reply within **fifteen days** of receipt of any opposition.

///

1    6.    It is petitioner's responsibility to prosecute this case. Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner must keep the court and all parties informed of any change of address by filing a separate paper captioned "Notice of Change of Address." He must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED:   4/28/08

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge